The next and last case on our argument calendar is Reynolds v. Warden of FCI Raybrook. Good morning, your honors. My name is Donald R. Klein and I represent the appellate here, Mr. Reynolds. I think that the key issue for this court to determine, and it's the and it's dispositive of the entire issue, is whether in fact this court does have jurisdiction to review the merits decision of Judge McEvoy on my client's petition. It's important to recognize, to look at the provenance of this entire case. This case started with a request to Judge Corman on my behalf, I should say on Mr. Reynolds' behalf, that the sentence in court, when Judge Corman sentenced my client, he failed to take and to recognize that there were certain issues under 5G 1.3 of the sentencing guidelines. It was a pure sentencing issue. Can I pause you on that? Yes, Judge. You can't raise guideline errors on 2255, right? I mean, that's just easy. That's exactly right. You cannot raise a guideline error. The problem was this was... So isn't that very sensible that Judge Corman read this vague sort of mishmash and said, no, this is a 2241, right? You're really challenging the execution of the sentence. No, let me just, Judge. The point was, was that not that Judge Corman had misapplied 5G 1.3. The point was he never even addressed the issue in a sense. It doesn't matter. That's the same thing. I don't think there's a 2255 limit on misapplication of a guideline in the sense that a judge has to have talked about it in the wrong way. I thought the rule was guidelines errors are not cognizable in 2255. Well, with all due respect, I don't believe this was an error under the guidelines. If you completely ignore a sentencing issue, it goes back to whether the sentence was correct in and of itself. Under the guidelines, there was no allegation of anything wrong with what Judge Corman did other than that he should have applied 5G 1.3, which is a guidelines provision. And, you know, let me just skip right to the chase here. And I'm looking at some of the defendant's filings before the district court here. And I'm looking at pages 69 and 70 of the sentence imposed by Judge Corman. And he is seeking credit as calculated by the Bureau of Prisons for the time he spent in state custody. And then later again, he said Judge Corman's observation was correct, that this is a matter that should be adjudicated under a 3585 analysis. This goes not to the imposition of the sentence, but to its execution. So it seems to me that although there was maybe some ambiguity at the beginning about what sort of claim this was, the defendant here doubled down at some point in the litigation and took the clear position that this is a challenge under 3585 to the Bureau of Prisons calculation. And that's a 2241. Am I not reading that? No, you're reading that correctly. But that's Judge McAvoy's opinion. And that Judge McAvoy, if you recall, was forced by Judge Corman's remand, sending the case up to the northern district to address it as a 2241 under 3585. He obviously could not make a determination whether my client inherited the credit for the state time under 5G1.3. I'm sorry, I'm going to back up. I'm reading from page 70 of the government appendix, and I'm not reading from the judge's opinion. I'm reading a reply affirmation, I think, that you wrote. And you said, this is not the district court opinion, this goes not to the imposition of the sentence, but to its execution. I'm not talking about what Judge McAvoy said. I'm talking about what you represented your claim to be. You're absolutely right. And the reason that I ended up having to make that argument is because the only way I could address the issue once it was in front of Judge McAvoy was address it as an execution issue and not an imposition issue. And that's what we have now. I mean, you took that position, right? Well, I took that position because the only way I could get the issue addressed by Judge McAvoy was if he accepted, because he had already accepted the cases in 2241. I couldn't address it as a sentencing issue under 2255 because only Judge Corman could do that in Brooklyn. But once I'm in Syracuse, I really have no choice but to address this as an execution issue, which it is not. You could tell Judge McAvoy, I don't think have jurisdiction over this. You may be wrong. He may disagree with you, but no one's telling you what position you're obliged to take on an issue, right? Well, in fact, what happened was Judge McAvoy, and I believe Judge Magistrate Dax also recognized that there was some confusion here. And even, I believe, in Judge McAvoy's final decision, he wrote that this case should be the sentencing issue should go back in front of Judge Corman in Brooklyn or whatever the case is before, because Judge Corman, I believe, has recused himself in Reynolds' case. But it should be back in Brooklyn, whether in fact Mr. Reynolds merited the credit for the state time back in the mid-90s on those state charges to his federal sentence. If you want to challenge the imposition of the sentence, and you're free to do that today, right? You could go file a 2255 and make it very clear that you are not challenging anything that the Bureau of Prisons has ever done under 3585, because that's a Judge McAvoy decision. And if you want to go back and argue that the sentence was improperly imposed at the beginning, you could file a 2255, make clear that's your claim. You would probably lose, because your claim would be premised on the guidelines. But if you want to make an argument that, no, it's not really a guidelines issue, it's somehow a violation of 3553, you can make that claim, right? And then you'd have to deal with timeliness. You could argue that it should relate back to when your client first complained. But you need to make that argument clearly in a 2255, right? And that's not before us now. Well, that's exactly right. What's before you is a 2241 challenge that Judge McAvoy ruled on, okay? And it's still, nevertheless, with all due respect, Judge Nardini, I do think that the issue was plainly laid out in front of Judge Corman in my correspondence with him, that the issue had been raised and never addressed. And part of it was the failure of probation to respond to Judge Corman's direction. And part of it was the fact that the issue had never been, and whether, in fact, under the guidelines, he merited that credit for that time. What is the remedy you want from us? Do you want us to send this back to the other district, recharacterize it as a 2255, and say, okay, new district judge, ignore the 3585 claim, because apparently the defendant doesn't want to argue with the Bureau of Prisons, and treat this as a collateral attack on the imposition of a sentence? Is that the relief that you're asking us to do? Yes, that's exactly the relief I'm asking for. And then why would we? Why would we do that? That's the question that Judge Nardini was about to ask you, why would we do that? Mr. Reynolds could still be the 2555, assuming that it's timely, as Judge Nardini suggested. Why wouldn't we just affirm this decision and leave Mr. Reynolds to his other remedies, such as they are? Well, you could affirm Judge McEvoy's decision, okay, but my concern would be, then, that is Judge McEvoy made a meritorious decision under whether my client merited the credit for the time under 3585. Under 3585, which is not recognizable under 2255, so if you want us to send it back as a 2255, which is going towards the original imposition of the sentence, you cannot raise, then, in that forum, in that procedural mechanism, a claim that BOP has made an error under 3585. Absolutely, Judge. My claim was never that there was, my original claim, and why I was in front of Judge Corman, was because I wasn't arguing that my client deserves a recalculation, which the BOP has the authority to do, and not the judge. What my original claim was that Judge Corman had failed to address completely whether my client merited any credit for that time, and that error in the sentence means that only the sentencing judge could actually rule on that claim. So, I read your initial filing as citing both 5G 1.3 and 3585B, and saying that your client, quote, deserved credit, and it seems to me that a district, a sentencing judge, seeing the citation of both a guidelines provision, which is suggestive of a 2255 that is simply prohibited, or a 2241 claim, which is not prohibited, quite sensibly sent you off to your proper forum, where you at least had a hope of relief, and I guess that's why I don't see why we would fault a district judge. When you basically cite two mutually incompatible forms of relief, why we would fault the district judge for basically picking the one that gave you at least a whisper of a hope? Well, I'm not asking, well, I think the issue is that once I was in front of Judge McAvoy, I was really forced to argue the case as being a 3585 case, and not a 5G 1.3. Okay, but the case is really a 5G 1.3 case, which is not something that... And why did you keep saying that Judge Corman was right to not treat it as, you didn't say I'm here under duress, you said Judge Corman was correct. This is not a challenge to the imposition of a sentence. You didn't say, I wish I weren't here, but now that we're here, you know, let's dance. You know, Your Honor, the government itself had actually, in their initial response, they themselves actually stated that this matter was a 2255. It was their position also from the beginning, and they recognized it was a sentence. Well, maybe they were But I think that at the end of the day, Judge, I mean, I laid out in my brief and my reply also, I did address why I believe even under 3585, which I believe is a long statute, the long way to address my client's issue, that he deserved the credit for that time, and I think it's 33 months or something like that. Okay. And I see that my time is out. Yes, it's long since expired, and you haven't asked for rebuttal time. So let me talk to the government. Thank you, counsel. Thank you, Judge. For the government. Yes, good morning, Judge. Good morning. My camera does not appear to be working. I apologize. But we can hear you, so proceed. Good morning. May it please the court, Karen Lesperance for the government. The Northern District was essentially faced with two separate credit issues in this 2241 petition. Appellant on this appeal has tried to conflate them into a single alleged error at the time of sentencing, but there were two separate issues that have been raised. The first was the eight-month period, which appellant has referred to as a nine-month period, during which the defendant pre-sentencing was held on a federal detainer while still serving a state sentence from June of 1999 until February of 2000. The second issue was this claim that arose for the first time after sentencing that he was entitled to credit for the entirety of his state sentence as relevant conduct under 5G 1.3. That issue was never raised at sentencing, and therefore it was not improper for Judge Corman to not address that issue at sentencing. The only, if you look at the transcript from the sentencing hearing at pages 108 to 109 of the appendix, what was said at the sentencing hearing was that he served a three-and-a-half-year state sentence, the last nine months of which he spent in federal custody, and I believe that those nine months could be credited to his time. That is then the precise issue that is again raised in the October 2016 correspondence from appendix page 90. He says that probation in the court, quote, failed to address the issue of whether he merited credit for the nine months he spent in state prison from June 1999 to February of 2000, and so that is absolutely a 2241 issue. Whether he was entitled to credit for the time while he was on a federal detainer while serving a state sentence is a BOP computation error under 3585B and would have been properly raised under 2241, so it was improper for Judge Corman to then construe that as a 2241 challenge, transfer it to the Northern District of New York, and then Judge McAvoy properly denied that 2241 petition because he was not entitled to credit under 3585B because he had received credit on the state sentence for that time. This completely separate issue of whether the conduct for which he served the state sentence was relevant conduct under 5G 1.3 would not be a 2241 issue, was not properly before Judge McAvoy in the Northern District of New York, and that was not the claim that was made at sentencing, and that was not the claim that was made in the October of 2016 correspondence from counsel. To the extent that he claims to raise it now, or intends to raise it now, as Judge Nardini has aptly pointed out, he could still go file a 2255 petition in the sentencing court and raise that issue, which has never been done and has not been raised. To say that a petition that was filed as a 2241, adjudicated as a 2241, and properly denied on those grounds should now be re-characterized as a completely different claim and remanded to a different district court is frankly a I'm sorry, go ahead. Counsel, do you think Mr. Reynolds can still bring a 2255? Well, I think there would be a number of problems with that. It would be untimely. In my position, the argument would be waived because, as I said, it was not raised at sentencing, only that nine months of the federal patina was raised at sentencing, and 5G 1.3 is frankly inapplicable here because his state sentence had been fully adjudicated at the time that he was sentenced on the federal charges. To the extent he's arguing relevant conduct on a fully discharged sentence, that would have been raised, if at all, under 5K 2.23, which would have been a discretionary departure motion. That argument has never been made at sentencing or in any of the other post-sentencing processes that have taken place here, so I don't think that he could bring a 2255. I think that he would face those substantive challenges to the 2255 in addition to the timeliness challenge, but if he has arguments around those, he could try to make them to the sentencing court, but those are not issues that should have been addressed by the district court in the northern district of New York on the 2241 petition that was filed, nor should they be addressed by this court on this appeal. Counsel, following up on Judge Pooler's question, I understand your point that you think there would be any number of obstacles to the defendant bringing a successful 2255 motion before his sentencing court. Would, in your view, those obstacles include whether this was to be considered a second or successive petition? Given the fact that this was immediately re-characterized or characterized in the first instance by Judge Poorman as a 2241, would the government take the position that this was a second or successive 2255? What would be your position on that? My position would be it would not be a second and successive because he never filed the 2255. He filed a letter asking for a permission to file a 2255. The way Judge Corman characterized that request as the 2241 and transferred it, he was free to still then file the 2255 and make more clear his arguments and articulate a basis why they were proper in that court under 2255, and he chose not to do so. He chose to address it as a sentencing issue under 2241 in the northern district. So you would not take the view, I trust, that this defendant would suffer any adverse consequences with respect to a prospective 2255 by virtue of the fact that this particular proceeding was shipped off to the northern district as a 2241. There may be other defects, but not because of that. That's correct, Your Honor. We would not take that position. Okay. Unless there are other questions, I will rest on my briefs. Thank you. Thank you, counsel. Thank you both for reserved decision. That is the last argument calendar, and I will ask the clerk to adjourn court. Court is then adjourned.